# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/15



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, STE 400
NEW YORK, NY 10281-1022

RICHARD G. PRIMOFF
TELEPHONE: (212) 336-0148
FACSIMILE: (703) 813-9562

January 22, 2015

**VIA UPS OVERNIGHT DELIVERY**

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
JAN 23 2015
UNITED STATES DISTRICT JUDGE

The Honorable Louis L. Stanton
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re:  **SEC v. Bennett (14 Civ. 9828) (LLS)**

Dear Judge Stanton:

  I write on behalf of the Commission pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, to request that the Court authorize the Commission to serve a subpoena under Rule 45 on Valley National Bank, in the form annexed hereto as Appendix A (undated, and redacted pursuant to Rule 5.2), in advance of the parties' Rule 26(f) conference. The Commission became aware that Defendant Bennett maintains or has maintained an account with Valley National Bank just yesterday, prior to receiving notice of this Court's grant of the Commission's January 8, 2015 request to serve a similar subpoena on Santander Bank (DE 6).

  The Commission makes this request for the same reasons as in its prior request with respect to the Santander Bank subpoena, and in the interest of brevity, respectfully refers the Court to its January 8, 2015 letter for a discussion of the need and basis for the instant request. The Commission reached out yesterday to Defendant Bennett's criminal counsel, who neither consented to nor opposed the Commission's prior request with respect to the subpoena directed to Santander Bank. Counsel today advised us that she also cannot consent to this request, but also takes no position with respect to it.

*granted*
*Louis L.*
*Stant[on]*
*1/23[/15]*

MEMO ENDORSED

MEMO ENDORSED

The Hon. Louis L. Stanton
January 22, 2015
Page 2 of 2

      For the foregoing reasons, and those stated in the Commission's prior request (DE 6), the Commission respectfully requests that the Court grant the Commission's request to serve the subpoena in the form annexed hereto.

Respectfully submitted,

Richard G. Primoff

cc:    Julia Gatto, Esq. (Via Email and UPS)

# APPENDIX A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   14 CIV. 9828 (LLS) |
| CHARLES A. BENNETT, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Valley National Bank

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Described in Attachment A hereto

| Place: ENF-CPU, U.S. Securities and Exchange Commission | Date and Time: |
|---|---|
| 100 F St., N.E., Mailstop 5973<br>Washington, DC 20549-5973 | [ ], 2015 at 9:00 a.m. |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        [ ], 2015

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Securities and
Exchange Commission _____ , who issues or requests this subpoena, are:

Jorge Tenreiro, Esq., Securities and Exchange Commission, 200 Vesey Street, Ste. 400, New York, NY 10281,
212-336-9145, tenreiroj@sec.gov

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   14 CIV. 9828 (LLS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A for Subpoena to Valley National Bank Dated [ ], 2015**

## A.   Definitions

As used in this subpoena, and unless otherwise stated, the words and phrases listed below shall have the following meanings:

      1.   The terms "**all**," "**any**," "**each**," and "**every**" mean the totality of all, any, each, and every.

      2.   The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise be construed to be outside of its scope.

      3.   "**Communication**" means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

      4.   "**Concerning**" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

      5.   "**Document**" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

      6.   "**Time Period**" refers to the time between September 1, 2008 and the date of your response to this subpoena, inclusive.

      7.   "**You**," and "**Your**," refers to Valley National Bank and all of its U.S. and non-U.S. parents, subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

**B.**     **Instructions**

     1.  Please send the requested materials to the address set forth in the subpoena cover letter in the format specified in the enclosed delivery standards.

     2.  Please enclose a copy of this subpoena and attachment with your production.

     3.  Unless otherwise stated, this subpoena calls for the production of the original Documents, and all copies and drafts of same, whenever created or obtained, concerning events, communications, or transactions occurring during the Time Period.  Electronic Documents such as email should be produced in accordance with the attached SEC Data Delivery Standards.  All electronic Documents responsive to the Document subpoena, including all metadata, should also be produced in their native software format.

     4.  This subpoena is ongoing, and you are required to update the response to this subpoena as responsive Documents are created or come into your possession, custody, or control subsequent to the date hereof.

     5.  Each document shall be produced in its entirety, including all non-identical copies and drafts, without abbreviation, expurgation, or redaction.  In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

     6.  The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

     7.  Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request.  In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paper clips to identify the Document boundaries.

     8.  Documents should be labeled with sequential numbering (bates-stamped).

     9.  This subpoena seeks any and all documents in your custody, or under your control, or available to you, regardless of whether these documents are in your possession, or are possessed by your agents, servants, employees, attorneys, officers, staff, independent contractors, representatives, or others from whom you may obtain the requested information, documents or materials.

     10. Each Document shall be produced in compliance with the standards set forth in the enclosed SEC Data Delivery Standards, concerning the production of electronic communications and data.

     11. If any Document sought by this subpoena is withheld under any the attorney-client privilege, work product doctrine or any other privilege or protection against production, provide a list sufficiently identifying each such Document to allow the staff to evaluate the claimed privilege or protection, including but not limited to stating, as to each Document: (a) the date; (b)

its author; (c) the recipient(s); (d) a description of the subject matter; (e) the privilege or protection you claim; (f) the name of the Person who has the Document now, or the last Person known to have it; (g) the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the Document's contents; (h) the specific request in the subpoena to which the Document relates; (i) the attorney(s) and the client(s) involved; and (j) in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

12. If any of the documents called for are not produced, for whatever reason, please identify each such document by stating: (a) the creator(s) of the document; (b) the date of creation of the document; (c) the last known custodian of the document; (d) the subject matter of the document; (e) all persons or entities known to have been furnished the document or copies of the document, or informed of its substance; and (f) the reason the document is not being produced.

13. Provided, however, that there shall not be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by you in relation to an account in the name of a "customer" other than the name of the customer specifically referred to in the subpoena. The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any of your services, or for whom you are acting or have acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include (1) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders, and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.

14. If the document production contains Bank Secrecy Act materials, please segregate and label those materials within the production.

15. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

## C.   **Documents to be Produced**

1.   Produce account opening documents for all accounts, including but not limited to checking, saving, money-market, brokerage, credit, and other accounts opened with, serviced, held, or managed by you, in the name of Charles A. Bennett, SSN XXX-XX-2165, or any account over which Charles A. Bennett, SSN XXX-XX-2165 has custody or control through another entity, including but not limited to Charles Bennett, Esq. Law.

2.   For the period from September 1, 2008 through the present, for all accounts identified in response to Request No. 1, produce all documents, including but not limited to:

a.   monthly accounts statements;

b. all off-sets;
c. all credits;
d. all checks paid out;
e. all debits;
f. all payments to the account holder or third parties at this direction;
g. all cashier's checks;
h. all wire transfers; and
i. all correspondence including requests for any of the above.